UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────X
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY D'AQUILA, MICHAEL O'TOOLE,
FRANK H. FINKEL, JOSEPH FERRARA, SR.,
MARC HERBST, THOMAS CORBETT, MICHAEL
C. BOURGAL and DENISE RICHARDSON, as
Trustees and fiduciaries of the Local 282 Welfare,
Pension, Annuity, Job Training, and Vacation and
Sick Leave Trust Funds,

                        Plaintiffs,

   -against-

SWEET HOLLOW MANAGEMENT CORP.,

                      Defendant.
───────────────────────────────────────X

For Online Publication Only

FILED
CLERK

1:20 pm, Aug 30, 2024

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
15-cv-05143-JMA-AYS

**AZRACK, United States District Judge:**

By way of Complaint dated September 3, 2015, Plaintiffs Thomas Gesualdi, Louis Bisignano, Anthony D'Aquila, Michael O'Toole, Joseph Ferrara, Sr., Marc Herbst, Thomas Corbett, Michael C. Bourgal and Denise Richardson ("Trustees"), as Trustees and fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds ("Funds") (collectively "Plaintiffs"), commenced this action against Defendant Sweet Hollow Management Corp ("Defendant") under Sections 502(g)(2) and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132(g)(2) and 1145 ("ERISA"), to collect contributions and related relief allegedly due to the Funds under Defendant's collective bargaining agreements with Building Material Teamsters Local 282 ("Union"). (ECF No. 1 ("Compl.").)

On February 20, 2024, Plaintiffs moved to for summary judgment under Federal Rule of Civil Procedure 56(c). (See ECF 78 ("Pl. Mot.").) On April 16, 2024, this Court referred

1

Plaintiffs' motion for summary judgment to Magistrate Judge Anne Y. Shields for a Report and Recommendation ("R&R").  (See Elec. Order dated Apr. 16, 2024.)

Before the Court today is a R&R from Judge Shields (ECF No. 81), which recommends that Plaintiffs' motion for summary judgment be denied.  Judge Shields concluded that "[b]efore the Court can even begin to analyze whether Sweet Hollow failed to remit the correct benefit contributions for the time periods covered by the CBAs, there is a material question of fact as to which of the three 'covered work' definitions apply and whether in fact Sweet Hollow's employees were in engaged in 'covered work' under any of the [three] CBAs [at issue in this case]."  (ECF No. 81, at 9.)  No objections to the R&R have been filed; the time for doing so has expired.  For the reasons stated below, the R&R is adopted in its entirety.

## I.     LEGAL STANDARD

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b)(3); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).  "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."  Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (quoting Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002)); see also Phillips v. Long Island R.R. Co., 832 F. App'x 99, 100 (2d Cir. 2021) (same).  In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record."  Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted).  Clear error will be found only when, upon review of the entire record, the Court is "left with the definite and firm conviction that a mistake has been committed."  United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quoting

2

Case 2:15-cv-05143-JMA-AYS   Document 82   Filed 08/30/24   Page 3 of 3 PageID #: 10027

United States v. Garcia, 413 F.3d 201, 222 (2d Cir. 2005)).

## II. DISCUSSION

The Court has carefully reviewed the record and the unopposed R&R for clear error and, finding none, hereby adopts Judge Shields's R&R in its entirety as the opinion of the Court.

## III. CONCLUSION

Accordingly, Plaintiffs' motion for summary judgment (ECF No. 78) is DENIED. The Clerk of Court is respectfully requested to close ECF Nos. 78 and 81. The parties are directed to appear before the undersigned for an in-person settlement conference on September 10, 2024, at 12:00 P.M. in Room 920 of the Long Island Courthouse. Parties are to submit their respective settlement positions via ex parte electronic filing no later than September 6, 2024. A motion to file ex parte is not required.

**SO ORDERED.**

Dated: August 30, 2024
Central Islip, New York

                 /s/  JMA
                JOAN M. AZRACK
                UNITED STATES DISTRICT JUDGE